# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2088

_____

| | | |
|---|---|---|
| Kenneth Dewayne Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Norris, Director, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction (originally | * | [UNPUBLISHED] |
| sued Rick Tony), | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 6, 2003

Filed: November 10, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Kenneth Williams appeals the district court's[1] dismissal of his 28 U.S.C. § 2254 petition. The district court issued a certificate of appealability on

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the issue whether Williams's limited access to the prison law library and inability to consult with persons with legal training excused his procedural default.

An Arkansas jury found Williams guilty of capital murder, attempted capital murder, kidnaping, aggravated robbery, theft of property, and arson, and he was sentenced to life in prison without the possibility of parole. His conviction was affirmed on direct appeal. See Williams v. State, 36 S.W.3d 324, 326 (Ark. 2001). Williams filed his petition for state postconviction relief 116 days late, the trial court dismissed it as untimely, and the Arkansas Supreme Court affirmed the dismissal. See Williams v. State, No. CR 02-71, 2002 WL 399032 (Ark. Mar. 14, 2002) (unpublished per curiam).

Williams then filed his section 2254 petition. In dismissing it, the district court found that Williams had procedurally defaulted the claims at issue on appeal by not timely raising them in state court and he did not show cause to excuse this procedural default. We agree with the district court that Williams's lack of access to the law library and inability to consult with legally trained persons did not constitute cause to excuse his untimely filing. A prisoner has access to the courts if the state provides the prisoner the capability to bring challenges before the courts. See Lamp v. Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997). The form provided to Williams for filing his state postconviction petition set out the applicable time limit, as well as the usual bases for postconviction challenges, and informed him that argument and case citations were not required. Thus, Williams had the capability to file a timely state postconviction petition.

Accordingly, we affirm.

_____